express an opinion. The case is with you, and you will return such verdict as the evidence will justify.

GOOD (GOLDING v.). See Case No. 5,514.

## Case No. 5,532.
### GOOD v. SPRIGG.
[2 Cranch, C. C. 172.] [1]

Circuit Court, District of Columbia. June Term, 1819.

BILLS AND NOTES—DISCHARGE OF INDORSER.

An indorser, who has been discharged by the laches of the plaintiff, is not bound by a promise to pay, unless he knew, at the time of his promise, the fact of laches.

Assumpsit against the indorser.

Mr. Jones, for defendant, contended that the defendant was not bound by his promise to pay, not knowing that demand of payment had not been made of the maker, and that it was incumbent on the plaintiff to show that the promise was made by the defendant with a knowledge of that fact.

And so THE COURT decided. CRANCH, Chief Judge, doubting whether the burden of proof, as to that fact, was not on the defendant.

GOODALE (BARCLAY v.). See Case No. 972.

GOODALL (DUANE v.). See Case No. 4,-105.

## Case No. 5,533.
### GOODALL v. TUTTLE.
[3 Biss. 219; 5 Am. Law T. Rep. U. S. Cts. 240; 7 N. B. R. 193; 7 West Jur. 32; 4 Chi. Leg. News, 473, 485.] [2]

District Court, W. D. Wisconsin. June, 1872.

BANKRUPTCY — RIGHT OF ASSIGNEE TO SUE IN ANY DISTRICT COURT.

1. A suit may be maintained by an assignee in bankruptcy to collect the assets of the bankrupt in any other district court than that where the proceedings in bankruptcy are pending.
 [Cited in Bachman v. Packard, Case No. 709; Re Brinkman, Id. 1,884; Lamb v. Damron, Id. 8,014.]
 [Cited in Brown v. Wygant, 6 D. C. (Mackey) 448.]

2. The right of the assignee to sue in the other district courts is not expressly conferred, but it may be held to be included in and implied from the grant "to collect the assets," as that power could not be otherwise made effectual.

3. Jurisdiction over debtors of the bankrupt not being obtained by the bankruptcy proceedings, such power must, in order to give full effect thereto, necessarily be held to extend to

¹ [Reported by Hon. William Cranch, Chief Judge.]
² [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 West. Jur. 32, contains only a partial report.]

any district where a suit to collect the assets is necessary.

4. It must be held that congress intended to provide for the complete administration of the bankruptcy system in the federal courts, and as authority to entertain such suits is not given to the circuit courts. it must exist in the district courts, or the jurisdiction be radically defective.
 [Cited in Sherman v. Bingham, Case No. 12,-762; Bachman v. Packard, Id. 709; Johnson v. Price, Id. 7,407.]

5. The second section relates exclusively to the jurisdiction of the circuit courts under the act, and its provisions cannot, therefore, properly be referred to, to limit the jurisdiction of the district courts conferred by the first section.
 [Cited in Smith v. Crawford, Case No. 13,-030; Bachman v. Packard, Id. 709.]

6. The rule that a legislature, by adopting a statute of another state, or re-enacting an old statute, is presumed to have adopted the judicial construction given thereto, considered and authorities referred to. Cases under the bankrupt act of 1841 [5 Stat. 440] cited and approved.

7. Congress not possessing the power to require or compel the state tribunals to entertain suits in favor of an assignee for the collection of the assets of the bankrupt, the courts should not construe the bankrupt act in such a manner as to necessitate in its execution assistance beyond the constitutional power of congress to provide.

8. Numerous recent cases cited and examined.

In bankruptcy. This was a suit by Ira E. Goodall, assignee of the Rock River Insurance Company, bankrupt, appointed by the district court of the Eastern district of Wisconsin, where the bankruptcy proceedings were pending against L. S. Tuttle, a resident of this district, to collect a debt claimed in favor of the bankrupt's estate, being a premium note given by the defendant for insurance issued to him. The defendant filed a plea to the jurisdiction of the court. This was one of a large number of similar suits, and was made a test case.

S. J. Todd and Finches, Lynde & Miller, for assignee.

S. U. Pinney and M. M. Cothren, for defendant.

HOPKINS, District Judge. The defendant claims that an assignee in bankruptcy cannot sue to collect the assets of the bankrupt, in any other district court than where the bankruptcy proceedings are pending. It presents a question upon which there exists some diversity of opinion among the district judges. I have therefore held it some time for examination. As far as I have seen, all the cases reported under the bankrupt act of 1841, sustain the jurisdiction, while nearly all made or published under the present act, are against its existence; but what is very strange, reference is in only one of the decisions under the present act, made to the cases decided under the act of 1841, directly upon the question.

It may be regarded, therefore, as a kind